IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BRANDIE WRIGHT ON BEHALF OF HER MINOR CHILD, KELSIE BYROM, and SABRINA JILL MAZA, THE ADMINISTRATOR OF THE SUCCESSION OF JACK WAYNE BYROM, III** | * * * | **CIVIL ACTION NO. 06-0769** **JUDGE JAMES** **MAGISTRATE JUDGE HAYES** |

**VERSUS**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE and BRUCE ROBINSON**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss (Doc. # 8) filed by defendants, Bruce Robinson ("Robinson"), in his official capacity, and the State of Louisiana, Department of Public Safety and Corrections, Office of State Police ("Louisiana"). The motion is opposed. For reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

On May 10, 2006, plaintiffs filed a complaint alleging that Robinson, acting in the course and scope of his employment as a Louisiana State Trooper, unlawfully used deadly force which caused the death of Jack White Byrom, III. Plaintiffs alleged that all of Robinson's acts were "done by him, not as an individual, but by virtue of and under his authority as a police officer of the State of Louisiana."[1] Original Complaint ¶ 5. Thus, plaintiffs asserted 42 U.S.C. § 1983 claims against Robinson in his official capacity and against the State of Louisiana through the

---

[1] Although defendants contend otherwise, plaintiffs argue that the original complaint asserted claims against Robinson in his individual capacity as well. Plaintiffs have since amended their complaint to remove any reference to an official capacity claim against Robinson and to specify that Robinson is being sued in his individual capacity.

Department of Public Safety and Corrections, Office of State Police. Plaintiffs also assert claims under Louisiana state tort law against both Robinson and the State.

The defendants request dismissal on the following grounds: (1) the Eleventh Amendment bars plaintiffs' claims against the State of Louisiana; and (2) the State and Robinson (officially) are not "person[s]" under 42 U.S.C. § 1983.

## LAW AND ANALYSIS

The Eleventh Amendment bars suits in federal court by citizens of a state against their own state or a state agency or department.[2] *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-3 (2000); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). This bar applies irrespective of the relief sought or the jurisdiction asserted. *See Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, unless Louisiana has waived its sovereign immunity, the Eleventh Amendment of the Constitution provides immunity to states from federal court lawsuits brought by private persons. *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir.1990). In section 13:5106 of its Revised Statutes, Louisiana expressly withheld its consent to suit in federal court: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(A).

The Louisiana Department of Public Safety and Corrections, Office of State Police, is an agency of the State of Louisiana which has Eleventh Amendment immunity from suit in federal court. *See Jackson v. Department of Public Safety for State of La.*, 675 F.Supp. 1025, 1026

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI.

(M.D.La. 1985); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D.La. 1985). Accordingly, this Court lacks subject matter jurisdiction over plaintiffs' claims against such entity. Further, a lawsuit against a government official in his official capacity is treated as a lawsuit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996). Therefore, plaintiffs' claims against Robinson in his official capacity are also not within the subject matter jurisdiction of this Court.

For the reasons stated above, it is recommended that the defendants' Motion to Dismiss be **GRANTED,** and that the plaintiffs' claims against the Louisiana Department of Public Safety and Corrections, Office of State Police, and against Bruce Robinson in his official capacity be **DISMISSED** without prejudice for lack of subject matter jurisdiction,[3] maintaining only plaintiffs' claims against Robinson in his individual capacity.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE**

---

[3]Although defendants' Motion to Dismiss is on 12(b)(6) grounds, sovereign immunity is a jurisdictional issue. *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998). Therefore, having concluded that there is no subject matter jurisdiction over the claims the defendants seek dismissed, this Court is not permitted to dispose of these claims on 12(b)(6) grounds because such would be a decision on the merits of the claims. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

**PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23th day of October, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE